*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**Christopher D. HEMMINGS, Appellant**

v.

**UNITED STATES of America, et al., Appellees.**

No. 09–5175.

United States Court of Appeals, District of Columbia Circuit.

April 16, 2010.

Christopher D. Hemmings, Florence, CO, pro se.

Warden (Florence High USP), United States Penitentiary, Florence, CO, for Plaintiff–Appellant.

Kenneth A. Adebonojo, Assistant U.S. Attorney, Robert Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees.

BEFORE: GINSBURG, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendices filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's order filed April 15, 2009, dismissing appellant's claims be affirmed. Appellant's claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), were properly dismissed for lack of venue. *See* 28 U.S.C. § 1391(b). Not all the defendants reside in the District of Columbia, and a "substantial part of the events or omissions giving rise to the claim[s]" did not occur in the District. The district court also properly dismissed appellant's claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq. (FTCA), for lack of venue. *See* 28 U.S.C. § 1402(b). Appellant does not live in the District (nor does he claim to be a D.C. resident), and his FTCA claims relate to his treatment at non-D.C. facilities. And because appellant does not argue that the district court did not address his official capacity constitutional claims, appellant has waived those claims on appeal. *See Cruz v. American Airlines, Inc.,* 356 F.3d 320, 333–34 (D.C.Cir.2004) (where district court did not address claim, appellant must "present, argue, and support" it in opening brief for consideration by court of appeals).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.